# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action Number 1:14-cv-823

Hal Gibbons,
    Plaintiff,

v.

Professional Finance Company, Inc,
    Defendant.

# COMPLAINT

1. The Plaintiff is an individual consumer and resides in Denver, Colorado.

2. The Defendant is a "debt collector" as defined in the FDCPA and is primarily located at in Greeley, Colorado.

3. This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. 1331 and the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. 1692.

4. By way of background, the Defendant sued the Plaintiff in Denver County Court to collect on a Chase credit card account in 2010.

5. The Chase credit card was a "debt" as defined in the FDCPA because it was incurred for personal, family, and/or household purposes.

6. Defendant told the Plaintiff that the amount of the debt was about $5,148.

7. Defendant told the Plaintiff that if he set up a payment plan of $200 per month, that Plaintiff wouldn't have to go to court.

8. On information and belief, Defendant applied and received a default judgment in the Denver County Court, even though it told Plaintiff that it would not if Plaintiff set up a payment plan.[1]

9. Plaintiff made payments of $200 per month to the Defendant - paying a total of $6,700 to the Defendant on the Chase credit card, when the original balance was $5,148.

10. In January 2014, the Plaintiff called the Defendant and asked whether the debt was paid off, and Defendant told the Plaintiff that his balance was still $4,568.97, even though Plaintiff had already paid $6,700 on a $5,148 debt.

11. In February 2014, the Plaintiff pulled a copy of his credit report and Defendant reported the balance of the Chase card as $991.

12. In February 2014, the Plaintiff notified the Defendant that he disputed the debt.

13. In March 2014, Plaintiff pulled a copy of his credit report, and Defendant reported the balance as $791, and that he did not dispute the debt.

14. Defendant also reported the following false information on Plaintiff's credit report: a) that Plaintiff hadn't made any payments to Defendant from 2012 - February 2014, which was false because Plaintiff had been paying $200 per month during that time; b) that Plaintiff's monthly payment was $0 when in fact it was $200; c) that Plaintiff's most recent payment was $0, when in fact Plaintiff's most recent payment was $200, d) that the payment status was "derogatory" when in fact the status was "current" because the Plaintiff and Defendant had reached an agreement to bring the account current by paying $200 per month payments; and e) that the credit limit was $5,148, when in fact the credit limit was $4,000.

## COUNT I, FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

15. Plaintiff re-alleges and incorporates the above paragraphs as if fully set out herein.

16. Defendant has violated the FDCPA in the following ways: a) misrepresenting the character, status, and amount of the debt in violation of 1692e(2); b) attempting to collect any amount not authorized by law or the underlying contract creating the debt in violation of 1692f(1); c) reporting information on the Plaintiff's credit report that Defendant either knew or should

---

[1] The records of Denver County Court indicate that a default judgment was entered against Plaintiff; however, Plaintiff went to the Courthouse 3 times, and the Clerks told him that there is no copy of the actual judgment. Plaintiff requested a copy of the judgment from Defendant, but Defendant refused to provide it. Thus, at this point, it is unclear if a default judgment was ever entered against Plaintiff, and if so, what the judgment provides.

have known was false in violation of 1692e(8); d) by Failing to mark Plaintiff's credit report as "disputed" when Defendant was told by Plaintiff that he disputed the debt in violation of 1692e(8); e) engaging in unfair and unconscionable debt collection conduct by refusing to provide the Plaintiff with a copy of the default judgment (if such a copy exists) in violation of 1692f; and f) engaging in false and deceptive debt collection by telling the Plaintiff that he wouldn't need to respond to the lawsuit if he set up a payment plan in violation of 1692e - Plaintiff did not discover that Defendant had requested default judgment against him until recently.

17. Defendant's violations of the FDCPA caused the Plaintiff actual damages by way of damage to reputation, damage to credit score, worry, stress, embarrassment, inconvenience, and emotional distress.

18. Defendant is liable to Plaintiff for actual damages to be determined at trial, together with statutory damages of $1,000, attorney fees and costs.

WHEREFORE, Plaintiff prays for the following relief:

a. Actual damages to be determined at trial;
b. Statutory damages of $1,000;
c. Attorney fees and costs;
d. For such other relief as may be proper;

        Respectfully submitted,

        s/Troy D. Krenning
        Troy D. Krenning, Esq.
        Law Office of Troy D. Krenning, LLC
        770 N. Lincoln
        Loveland, Colorado 80537
        (970) 292-8290
        Email: troydklaw@msn.com

        s/ Matthew R. Osborne
        Matthew R. Osborne, Esq.
        Law Office of Matthew R. Osborne
        2055 S. Oneida St. #370
        Denver, CO 80224
        (303) 759.7018
        Email: matthewosbornelaw@gmail.com

                Attorneys for Plaintiff

**PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY**